IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. FREEMAN, | ) | CASE NO. 4:13 CV 1987 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BRIGHAM SLOAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Michael D. Freeman for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Freeman is currently incarcerated by the State of Ohio at the Lake Erie Correctional Institution in Conneaut, Ohio.[3] He is there serving a 10-year sentence for aggravated robbery imposed in 2011 by the Trumbull County Court of Common Pleas after his conviction by a jury on that charge.[4]

---

[1] The matter was referred to me pursuant to Local Rule 72.2 by United States District Judge Sara Lioi in a non-document entry dated November 22, 2013.

[2] ECF # 1.

[3] *Id.* at 1.

[4] *Id.*

In his petition, Freeman raises four grounds for relief[5] and asks for an evidentiary hearing.[6] The State, in its return of the writ, contends that grounds two, three, and four should be dismissed as procedurally defaulted and/or non-cognizable[7] and/or that grounds one, three, and four should be denied on the merits.[8] Freeman has filed an extensive traverse.[9]

For the reasons that follow, I will recommend dismissing ground two as non-cognizable and denying the remaining grounds on the merits after AEDPA review.

## Facts

### A. Background facts, trial, and sentencing

The relevant underlying facts were found by the Ohio appeals court in its review of the record.[10]

Essentially, as store security personnel watched on surveillance monitors, Freeman entered a Sears department store in Niles, Ohio, around Christmas and then went into the

---

[5] *Id.* at 5, 6, 7, 8.

[6] *Id.* at 12. Freeman's request for an evidentiary hearing, as well as a subsequent motion for appointment of counsel (ECF # 13), were denied in a prior order. ECF # 18.

[7] ECF # 12 at 9-19.

[8] *Id.* at 24-27.

[9] ECF #s 16-1, 16-2.

[10] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

electronics department.[11] There, he was observed cutting the plastic tag locking an MP3 player to the security mechanism and then taking that item out of the store without paying for it.[12]

Upon seeing this, the two security guards quickly left their surveillance post and confronted Freeman in the mall concourse, telling him that the store was aware of the stolen merchandise and asking him to return with them to the store.[13] However, as Freeman began walking with the guards back to the store, he pulled a box cutter out of his pocket and swung it at the guards.[14] Following store policy to not directly engage with an armed suspect, the guards backed away from Freeman, but continued to follow him at a distance as they called the police and Freeman exited the mall.[15]

Freeman was arrested in the mall parking lot by a police officer who was nearby.[16] When he was arrested, Freeman was carrying a cell phone and some wire cutters, but no box

---

[11] ECF # 12-2(state court record), at 65 (appeals court opinion).

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*, at 65-66.

cutter was found.[17] The MP3 player was discovered in a snow bank in the parking lot where Freeman had thrown it.[18]

Freeman was charged with one count of aggravated robbery,[19] and the matter proceeded to a jury trial. At trial, the defense conceded that Freeman had stolen the MP3 player, but denied that he used a weapon in committing the crime.[20] Nonetheless, Freeman was found guilty of aggravated robbery and, on May 5, 2011, was sentenced to ten years in prison, plus a mandatory term of five years post-release control.[21]

**B.    Direct appeal**

***1.    Ohio appeals court***

On June 6, 2011, Freeman, through new counsel, timely[22] appealed his conviction and sentence.[23] In his supporting brief, he raised the following three assignments of error:

---

[17] *Id.*, at 66.

[18] *Id.*

[19] *Id.*, at 1-2.

[20] *Id.*, at 66.

[21] *Id.*, at 10-13.

[22] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).

[23] ECF # 12-2, at 14.

-4-

ASSIGNMENT OF ERROR I: THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE FO COUNSEL IN VIOLATION OF HIS RIGHTS PURSUANT TO THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

ASSIGNMENT OF ERROR NO. II: THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF THEFT.

ASSIGNMENT OF ERROR NO. III: THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.[24]

The State filed a brief in response,[25] and on May 21, 2012, the Ohio appeals court overruled all of Freeman's assignments of error and affirmed the judgment of the trial court.[26]

**2.      Supreme Court of Ohio**

On June 29, 2012, Freeman, *pro se*, timely filed[27] a notice of appeal with the Supreme Court of Ohio.[28] In the memorandum in support of jurisdiction, Freeman asserted the following three propositions of law:

1.      The appellant received ineffective assistance of counsel in violation of his rights pursuant to the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.

---

[24] *Id.*, at 24-26.

[25] *Id.*, at 45.

[26] *Id.*, at 64.

[27] To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought. *See also*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010).

[28] ECF # 12-2, at 75.

-5-

2.      The trial court committed plain error by failing to instruct the jury on the lesser included offense of theft.

3.      The appellant's conviction is against the manifest weight of the evidence.[29]

The State filed a brief opposing jurisdiction,[30] and on October 10, 2012, the Supreme Court of Ohio denied leave to appeal and dismissed the case as not involving any substantial constitutional question.[31]

## C.    Application to re-open the appeal under Rule 26(B).

While the direct appeal was pending before the Ohio Supreme Court, Freeman, *pro se*, filed an application with the Ohio appeals court under Ohio Appellate Rule 26(B) to re-open his appeal.[32] In the application, Freeman raised a single claim of ineffective assistance of appellate counsel:

> Appellant was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution where his appellate counsel omitted a dead bang winner, prejudicing appellant to receiving a full review by the court.[33]

Without receiving a filing in opposition by the State, the Ohio appeals court denied Freeman's application to re-open his appeal, finding that the argument he claimed appellate

---

[29] *Id.*, at 77-78.

[30] *Id.*, at 108.

[31] *Id.*, at 125.

[32] *Id.*, at 126. The application was filed on June 25, 2012.

[33] *Id.*, at 128-29.

counsel was deficient for not making was actually made during the direct appeal, where it was considered by the court and rejected.[34]

Freeman did not appeal this decision to the Ohio Supreme Court.

**D.     Post-conviction motions**

Freeman filed two post-conviction motions with the trial court- one seeking sentence reduction[35] and the other an enlargement of credit for time served.[36] Both motions were denied[37] and neither denial was appealed.

**E.     Federal habeas petition**

*1.     The petition*

Freeman timely filed the present petition for federal habeas relief on September 4, 2013.[38] In his petition, Freeman sets out four grounds for relief:

> GROUND ONE: The Petitioner received ineffective assistance of counsel in violation of his rights pursuant to the Sixth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution.[39]

---

[34] *Id.*, at 136-38.

[35] *Id.*, at 139-41.

[36] *Id.*, at 149.

[37] *Id.*, at 148, 150.

[38] ECF # 1 at 12. This is the date Freeman gives in the petition as the time he deposited his petition into the prison mail system. The petition was docketed in this Court on September 9, 2013. In either case, the petition is timely because Freeman's direct appeal concluded on October 10, 2012, when the Ohio Supreme Court denied leave to appeal and the present habeas filing is within one year of that decision.

[39] *Id.* at 5.

Supporting facts: In this case, Petitioner was indicted for aggravated robbery in violation of R.C. 2911.01(A)(1)(3)(C), a felony of the first degree. At trial, there was testimony that the value of the item Petitioner allegedly took from Sears was $89.94. (Tr.p. 290-294). Based upon that figure the lesser included offense would be theft in violation of R.C. 2913.02(A), called petty theft, a misdemeanor. See R.C. 2913.02(B)(2). However, Petitioner's trial counsel failed to request a jury instruction as the lesser included offense of theft, where the facts of the case indicted that the Petitioner did not have or use a weapon, nor was a weapon ever found.[40]

GROUND TWO: Petitioner's constitutional right to a fair trial under the Fourteenth Amendment was violated when the trial court committed plain error by failing to instruct the jury on the lesser included offense of theft.[41]

Supporting facts: As attested under Ground for Relief One, Petitioner's trial counsel's performance fell below an objective standard of reasonableness where he failed to request a jury instruction on the lesser included offense of theft where the facts of the case indicated that the Petitioner did not have or use a weapon, nor was a weapon ever found. In addition, to counsel's failure, the trial court committed plain error when it failed to instruct the jury as to the lesser included offense of theft in a case where the Petitioner is charged with aggravated robbery and where there is evidence to support a theft conviction, and where there is evidence that contradicts the allegations that the Petitioner possessed or used a deadly weapon as part of the alleged theft.[42]

GROUND THREE: Petitioner was denied effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution where his appellate counsel omitted a dead bang winner, prejudicing Petitioner to receiving a full review by the court.[43]

Supporting facts: This issue was presented in Petitioner's *pro se* Application for Reopening pursuant to App. R. 26(B) addressing appellate counsel's failure to raise an issue that was obvious in the record, to wit: Whether Petitioner's

---

[40] *Id.*

[41] *Id.* at 6.

[42] *Id.*

[43] *Id.* at 7.

-8-

conviction is supported by sufficient evidence. Counsel's failure in this regard deprived Petitioner of a full review of his appeal as of right.[44]

GROUND FOUR: Petitioner's conviction is not supported by sufficient evidence consequently violating Petitioner's constitutional right to due process under the Fourteenth Amendment to the United States Constitution.[45]

Supporting facts: The elements of aggravated robbery, the offense that Petitioner was indicted for, are outlined in R.C. 2911.01(A)(1), which states, "[n]o person in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]"

In this case, state witness testified that they saw something shiny that "could have been" a box cutter; another testified that he "depicted" as a box cutter. Regardless of what they thought they saw, they were certain that the only time they lost sight of Petitioner was when he ducked down in the parking lot in the location witness found the MP3 player. Neither of the witnesses testified that they saw Petitioner dispose of the alleged box cutter in any fashion – dropping it, throwing it, etc. Therefore, if their testimony is to be believed, police should have found a box cutter, either on Petitioner's person, or at the location he alleged ducked down in the parking lot. Instead, when Petitioner was arrested, police found Petitioner with a cellphone in his hand – a shiny object, and wire cutters in his pocket. Petitioner's cellphone or the wire cutters are not deadly weapons under R.C. 2923.11(A). Therefore, Petitioner's conviction for aggravated robbery is not supported by sufficient evidence.[46]

---

[44] *Id.*

[45] *Id.* at 8.

[46] *Id.*

2.      *Return of the writ/traverse*

As noted, the State argues that grounds two, three and four are procedurally defaulted and so should be dismissed. It further contends that ground one should be denied on the merits.

The State also argues in the alternative that ground two may be dismissed as non-cognizable, ground four may be rejected as being without merit, and that ground three may also be rejected on the merits.

As noted, Freeman has filed a lengthy traverse, wherein he attempts to contest the State's arguments presented above. Freeman's specific points, as well as the State's arguments, will be addressed below in greater detail during the analysis of the various claims for relief.

## Analysis

### A.      Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.      There is no dispute that Freeman is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Freeman meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[47]

_____

[47] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

-10-

2.      There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[48]

3.      In addition, Freeman states,[49] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[50]

4.      Moreover, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[51]

5.      Finally, although Freeman is not represented by counsel, his motion for appointment of counsel[52] and motion for an evidentiary hearing[53] have been denied.[54]

## B.      Standards of review

### 1.      *Non-cognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[55] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which

---

[48] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[49] ECF # 1 at 10.

[50] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[51] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[52] ECF # 13. 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[53] ECF # 13. 28 U.S.C. § 2254(e)(2).

[54] ECF # 18.

[55] 28 U.S.C. § 2254(a).

federal habeas relief may be granted.[56] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[57]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[58] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness" of a trial.[59] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[60]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[61] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[62] and may not second-guess a state court's interpretation of its own procedural rules.[63] Further, while in general distinct constitutional claims of trial error

---

[56] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[57] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[58] *Estelle*, 502 U.S. at 67-68.

[59] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[60] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[61] *Id.*

[62] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[63] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

may not be cumulated to grant habeas relief,[64] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[65]

## 2.    *AEDPA review*

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[66]

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[67] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[68] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly

---

[64] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[65] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[66] 28 U.S.C. § 2254(d).

[67] *Williams v. Taylor*, 529 U.S. 362 (2000).

[68] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[69]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[70] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[71]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[72] and "highly deferential" to the decision of the state court.[73] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[74] Or, stated differently, a writ will issue only upon a showing that the state court's

---

[69] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[70] *Williams*, 529 U.S. at 411.

[71] *Id.* at 409.

[72] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[73] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[74] *Richter*, 131 S. Ct. at 786.

-14-

ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[75]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[76]

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[77] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[78] In such circumstances, the federal habeas court must give deference to the decision of the state court.[79]

---

[75] *Id.* at 786-87.

[76] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[77] *Richter*, 131 S. Ct. at 784-85.

[78] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[79] *Brown*, 656 F.3d at 329.

-15-

## C.  Application of standards

### 1.  *Ground two – claiming that the trial court should have given an instruction on a lesser included offense – should be dismissed as a non-cognizable state law claim.*

Here, the State notes initially that Freeman raised the claim concerning the absence of an instruction on a lesser included offense purely as a state law issue in his direct appeal.[80] Moreover, the State notes that the Ohio appeals court did not reach the merits of this claim because Freeman had failed to object to the jury instructions at trial, thus waiving any claim on appeal, except for plain error review.[81]

Freeman, in his traverse, concedes that the United States Supreme Court has "expressly declined to hold whether or not a defendant is entitled to a lesser included offense instruction as a matter of constitutional due process."[82] But, he argues, because the Supreme Court nevertheless considers the "nearly universal" practice of giving such instructions to be a "procedural safeguard," this Court should consider his claim in ground two to be legally cognizable in a federal habeas proceeding.[83]

The Sixth Circuit has long held that the Supreme Court does not require the giving of jury instructions on lesser included offenses in non-capital cases. In particular, the Sixth Circuit has consistently interpreted the Supreme Court's statement in *Beck v. Alabama*,

---

[80] ECF # 12 at 14 (citing record).

[81] *Id.* at 15.

[82] ECF # 16 at 14 (citation omitted).

[83] *Id.* at 15.

where the Court declined to address the question of whether the Constitution requires lesser included offense instructions in non-capital cases[84] as meaning that no such requirement exists.[85] Essentially, the Sixth Circuit understands the teaching of the Supreme Court to be that failure to give a lesser included offense instruction in a non-capital case is "not such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."[86] Although *Bagby v. Sowders* leaves open the possibility that the failure to give such an instruction might amount to a fundamental miscarriage of justice when that failure resulted in the conviction of an innocent person,[87] it recognized that such situations would be rare and fact-specific.[88]

In fact, as I recently observed in *Triplett v. Tibbals*:[89]

The clearly established law on jury instructions holds that purported errors in jury instructions do not rise to the level of a federal constitutional violation unless the instruction so infected the entire trial that the resulting conviction violates due process.[90] But here the issue is whether, with two competing

---

[84] *Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980).

[85] *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001) (citing *Bagby v. Sowders*, 894 F.2d 792, 795-97 (6th Cir. 1990)).

[86] *Bagby*, 894 F.2d at 797.

[87] *Id.* at 795.

[88] *Id.*

[89] *Triplett v. Tibbals*, No. 1:13 CV 1285, 2015 WL 520991 (N.D. Ohio Feb. 9, 2015) (Report and Recommendation adopted by United States District Judge Christopher A. Boyko).

[90] *Estelle*, 502 U.S. at 71-72.

-17-

theories of the level of force used presented at trial, and a mandate under Ohio law for the giving of instructions where the evidence at trial warrants such instructions, the trial court abused its discretion in giving an instruction on deadly force, as well as an instruction on the use of non-deadly force. As such, this is a non-cognizable matter of Ohio law and not a federal constitutional issue.[91]

In this case, Freeman has not shown – and indeed cannot show – that the failure to give an instruction on the lesser included offense of theft resulted in a rare, fact-specific, fundamental miscarriage of justice that produced the conviction of a person who is actually innocent.[92] As noted above, Freeman conceded at trial that he did steal the MP3 player and the uncontradicted testimony of the two security guards at trial was that he did so while using a box cutter, which he then used to swing at the guards when confronted.[93]

At best, Freeman presented a state law claim that the facts in his case, viewed most favorably to him, do not support the trial judge's discretion in not giving an instruction on the lesser included offense of theft under terms of Ohio law, which requires the giving of a

---

[91] *Triplett*, 2015 WL 520991 (Report & Recommendation at 17) (citation omitted).

[92] Actual innocence means factual innocence, not mere legal insufficiency. It is established when new, reliable, exculpatory evidence, not available at trial, makes it more likely than not that any reasonable juror would have reasonable doubt about convicting the petitioner. This standard is "demanding" and permits habeas review only in "'the extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).

[93] ECF # 12-2, at 68, 70.

lesser included offense instruction only if the evidence presented at trial would support both an acquittal of the charged offense and a conviction for the lesser included offense.[94]

The Ohio appeals court considered Freeman's argument and rejected it, finding that the trial judge did not abuse his discretion in not giving a lesser included offense instruction on theft because there was no contradictory evidence to the testimony of the guards that Freeman used a box cutter to commit the crime of stealing the MP3 player – thus establishing that evidence fully supported conviction for the charged offense of aggravated robbery.[95] Stated differently, the trial court found, and the appeals court agreed, that because the evidence at trial did not support acquittal on the charged offense of aggravated robbery, and because such a finding is one of the preconditions in Ohio law for giving a lesser included offense instruction, the trial court here did not abuse its discretion in declining to give an instruction as to the lesser included offense of theft.[96]

That decision, for the reasons stated above, is wholly a matter of Ohio law and is not a matter to be reviewed by a federal habeas court.

Accordingly, I recommend that ground two be dismissed as non-cognizable.

---

[94] *State v. Wine*, 140 Ohio St. 3d 409, 414-15, 18 N.E.3d 1207, 1212-13 (2014). Although *Wine* was decided by the Ohio Supreme Court after Freeman's case was adjudicated, it restated and clarified the existing rule in Ohio regarding instructions as to lesser included offenses, and did so in the context of a defendant who was pursuing an "all or nothing" defense and so did not warrant an instruction on a lesser included offense.

[95] ECF # 12-2, at 70.

[96] *Id.*

**2. Ground one – alleging that trial counsel was ineffective for not requesting an instruction on the lesser included offense of theft – should be denied because the decision of the state appeals court in rejecting this claim was not an unreasonable application of the clearly established federal law of Strickland v. Washington.[97]**

In this ground, Freeman argues that his trial counsel was constitutionally ineffective for not requesting an instruction on the lesser included offense of theft because "the facts of the case indicated that [Freeman] did not have or use a weapon, nor was a weapon ever found."[98]

However, despite Freeman's assertion, in the passive tense, that the "facts of the case indicated" that he did not have a weapon, the actual evidence at trial, described above, consisted of non-rebutted testimony from the two eyewitnesses – the Sears security guards – that Freeman possessed and used a box cutter to commit this crime, plus uncontested circumstantial evidence that the MP3 player itself and the MP3 player tag that had been severed to commit the robbery, both reflected the use of a sharp object. While the defense sought in cross-examination and in closing argument to raise doubts about the credibility of this testimony or the conclusions to be drawn from the circumstantial evidence by pointing out that these witnesses differed in how many times they believed Freeman swung the box cutter at them in his escape, and by noting that a box cutter was not found on Freeman's person when he was arrested, the plain fact – as the trial judge stated – is that there is no

---

[97] *Strickland v. Washington*, 466 U.S. 668 (1984).

[98] ECF # 1 at 5.

contradictory evidence at all in the trial record to the evidence that Freeman possessed and used a box cutter to commit a robbery.[99]

Inasmuch as the only evidence in the trial record was that Freeman did use a box cutter in the commission of this crime, there was, as described above, no legal basis by which the trial court could have given an instruction on any lesser included offense.[100] Accordingly, as the appeals court concluded, if no lesser included offense instruction could possibly have been given here, there was no prejudice to Freeman in not requesting one, since the result at trial could not possibly have been any different.[101]

This conclusion, that Freeman suffered no prejudice, precludes any finding that Freeman's trial counsel was ineffective in this regard. The clearly established federal law of *Strickland* holds that a judgment of ineffectiveness requires both a finding that counsel's conduct was deficient and that such deficiency prejudiced the defendant, such that it can be shown that the result at trial would have been different absent the deficient conduct.[102]

---

[99] Indeed, the appeals court noted that evidence for the existence of a box cutter in the commission of this crime was extensive. In that regard, the court observed that the MP3 player's plastic tag affixing it to the security device had been "cut using a sharp object;" the MP3 player itself, when recovered, showed signs of having been damaged "as though it had been cut by a sharp object;" and both eyewitness testified that the device they saw Freeman holding in his hand and that he subsequently swung at them was definitely "not a cell phone or wire cutters, but a box cutter," a fact made even more clear by one witness who testified to clearly hearing the clicking sound of the blade being released. ECF # 12-2, at 67-68.

[100] *Id.*, at 70.

[101] *Id.*, at 71-72.

[102] *Strickland*, 466 U.S. at 695-98.

Here, the state appeals court directly applied the clearly established federal law of *Strickland* to this claim and then concluded that, because Freeman could show no prejudice from his trial counsel's action, there was no constitutional ineffectiveness by counsel. For the reasons stated, I recommend denying ground one on the merits because the decision of the Ohio court here was not an unreasonable application of *Strickland*.

**3.      *Grounds three – alleging that appellate counsel was ineffective for not raising a claim of insufficiency of the evidence on direct appeal – and four – claiming that the conviction here was not supported by substantial evidence – should both be denied on the merits because the decision of the Ohio appeals court that the conviction here was supported by substantial evidence is not an unreasonable application of the clearly established federal law of Jackson v. Virginia.[103]***

These two claims have a somewhat complex procedural history, which has produced unnecessary complications in the path of their resolution. Essentially, Freeman asserted on direct appeal that his conviction was against the manifest weight of the evidence. While that claim is technically a non-cognizable question of state law, it has been held by the Sixth Circuit that when a *pro se* petitioner raises a manifest weight of the evidence claim in Ohio court during direct appeal, that claim may be construed in the federal habeas proceeding as raising a sufficiency of the evidence claim, given that *pro se* pleadings are to be construed

---

[103] *Jackson v. Virginia*, 443 U.S. 307 (1979).

-22-

leniently and that, under Ohio law, a finding that a conviction is not contrary to the manifest weight of the evidence necessarily means that it is also supported by sufficient evidence.[104]

Here, on direct appeal, the state appeals court found that the conviction for aggravated robbery was not against the weight of the evidence in that all the evidence at trial was that Freeman stole the MP3 player (which Freeman admitted), and that he used a box cutter in doing so.[105] Moreover, the appeals court provided a detailed analysis of why, even though a box cutter was not located, the jury was nevertheless entitled to conclude from the evidence that a box cutter was used in this case.[106] Thus, as *Nash* teaches, this analysis is also enough,

---

[104] *Taylor v. Brunsman*, No. 3:12CV800, 2014 WL 4113320, at *14 (N.D. Ohio Aug. 20, 2014) (citing *Nash v. Eberlin*, No. 06-4059, 2007 WL 4438008, at *3 n.4, 258 F. App'x 761 (unpublished) (6th Cir. Dec. 14, 2007). I take this occasion to emphasize that *Nash* is not to be understood as eliminating or denying any difference between a manifest weight of the evidence claim and a sufficiency of the evidence claim. The differences in fact, are well-established. But *Nash* does recognize, within the context of *pro se* habeas litigation, that the federal habeas court may avoid the difficulties of a complicated procedural default analysis by understanding that a favorable (to the State) resolution in the state court of a manifest weight claim necessarily includes an equally favorable (to the State) resolution of a sufficiency of the evidence claim. And given that adjudicating a claimed procedural default is unnecessary if the underlying claim can be resolved against the petitioner (*Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)), *Nash*'s understanding of the full import of an Ohio court's determination that a decision is not against the manifest weight of the evidence is a real benefit to federal habeas courts in situations such as the one presented in this case.

[105] See the prior extensive discussion above on the court's findings concerning the evidence in this regard.

[106] ECF # 12-2, at 67-68.

-23-

under the rubric of *Jackson*,[107] for recognizing that the Ohio court also concluded that the conviction here was supported by sufficient evidence.[108]

Thus, I recommend that grounds three and four be affirmed on the merits because the decision of the Ohio court in finding that the conviction was not against the manifest weight of the evidence is not contrary to the clearly established federal law of *Jackson* concerning claims regarding the sufficiency of the evidence needed for conviction, nor contrary to the clearly established federal law of *Strickland*, since there cannot have been any constitutional deficiency in not raising a claim of insufficiency of the evidence in a case where an Ohio appeals court found that there was sufficient evidence.

---

[107] *Jackson*, 443 U.S. 307.

[108] *Jackson* holds that evidence is sufficient if, after viewed in the light most favorable to the prosecution, and making all inferences from the evidence favorable to the prosecution, the court can conclude that any rational trier of fact could have found all the essential elements of the offense proven beyond a reasonable doubt. *Jackson*, 443 U.S. at 307. Since a manifest weight claim under Ohio law does not require the reviewing court to view the evidence most favorably to the prosecution, but rather invites that court to reweigh the evidence to determine if the jury lost its way (*State v. Thompkins*, 78 Ohio St. 3d 380, 386, 678 N.E.2d 541, 546 (1997)), it is clear that if a court concludes that the conviction is not against the manifest weight of the evidence, it has also found it supported by sufficient evidence.

## Conclusion

Accordingly, for the reasons stated, I recommend dismissing ground two as a non-cognizable state law claim, and denying grounds one, three, and four on the merits.

Dated: March 20, 2015                          s/ William H. Baughman, Jr.
                                               United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[109]

---

[109] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).