UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL D. FREEMAN, | ) | CASE NO. 4:13cv1987 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| BRIGHAM SLOAN, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge William H. Baughman, Jr. recommending denial of this pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. No. 19.) Petitioner Michael Freeman ("petitioner" or "Freeman") has filed objections. (Doc. No. 20 ["Obj."].) Respondent filed neither his own objections nor any response to petitioner's objections. For the reasons discussed below, the objections are overruled, the R&R is accepted, and the petition for writ of habeas corpus is denied and dismissed.

I.  BACKGROUND

Petitioner was indicted in state court on one count of aggravated robbery, in violation of Ohio Rev. Code § 2911.01. The charge stemmed from an incident in December, 2010, during which petitioner stole an MP3 player from a department store in Trumbull County, Ohio. The indictment charged that "immediately after the attempt or offense, [Freeman] did have a deadly weapon on or about his person or under his control, and either displayed the weapon, brandished it, indicated that he possessed it, or used it, to-wit: a box-cutter, and inflicted, or attempted to

inflict, serious physical harm on another[.]" (Doc. No. 9-1 ["Ind."] at 76[1].)

Two store employees who witnessed the theft of the MP3 player testified at petitioner's trial that petitioner waived what appeared to be a box cutter at them after they confronted him in the shopping mall concourse. Following store policy prohibiting the engagement of an armed shoplifter, the employees elected to let petitioner flee the building. (Doc. No. 9-11 (*State v. Michael Freeman*, Case No. 2011-T-0059, ¶¶ 3-4 (Ohio Ct. App. May 21, 2012) ["State App. Op."]).) While the MP3 player was recovered in the mall parking lot by the police a short time after the incident, it is undisputed that no box cutter was ever located.[2] Petitioner was convicted by a jury of the charge of aggravated robbery, and was sentenced to a term of imprisonment of 10 years, plus a mandatory term of five years post-release control. (Doc. No. 9-6 (Entry on Sentence) at 86.)

The R&R thoroughly sets out the state procedural history of the case following sentencing, to which petitioner states he takes no exception, and the Court adopts the same without repeating it herein. (R&R at 907-10; *see* Obj. at 935.) In the present federal habeas application that followed the proceedings in state court, petitioner raised four grounds for relief:

> GROUND ONE: The Petitioner received ineffective assistance of counsel in violation of his rights pursuant to the Sixth Amendment of the United States Constitutional and Section 10, Article 1 of the Ohio Constitution.
>
> GROUND TWO: Petitioner's constitutional right to a fair trial under the Fourteenth Amendment was violated when the trial court committed plain error by failing to instruct the jury on the lesser included offense of theft.
>
> GROUND THREE: Petitioner was denied effective assistance of counsel as

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

[2] There was other evidence, in addition to the uncontroverted eyewitness testimony of the store clerks, however, that showed defendant had possessed a box cutter. Specifically, the plastic tag attached to the MP3 player had been cut using a sharp object, and the MP3 player, itself, was damaged "as though it had been cut by a sharp object." (State App. Op. ¶ 13.)

>guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution where his appellate counsel omitted a dead bang winner, prejudicing Petitioner to receiving a full review by the court.
>
>GROUND FOUR: Petitioner's conviction is not supported by sufficient evidence consequently violating Petitioner's constitutional right to due process under the Fourteenth Amendment to the United States Constitution.

(Doc. No. 1 (Petition) at 5-8.)

In his R&R, the magistrate judge recommends that the Court dismiss the second ground as failing to state a cognizable claim, inasmuch as "[t]he Sixth Circuit has long held that the Supreme Court does not require the giving of jury instructions on lesser included offenses in non-capital cases." (R&R at 919.) The magistrate judge further recommends that the remaining grounds be dismissed on the merits. The magistrate judge reasoned that the first ground lacked merit because the state appellate court's resolution of this claim did not represent an unreasonable application of the ineffective assistance of counsel standard announced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). (*Id*. at 925.) Similarly, the magistrate judge concluded that the state appellate court's resolution of grounds three and four were not an unreasonable application of the clearly established federal law of *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). (*Id*. at 927.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). "An 'objection' that does

nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); L.R. 72.3(b)(any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When undertaking its de novo review of any objections to the R&R, this Court must be additionally mindful of the standard of review applicable in the context of habeas corpus. "Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, a federal court may grant habeas relief only when a state court's decision on the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by' decisions from [the Supreme] Court, or was 'based on an unreasonable determination of the facts.' 28 U.S.C. § 2254(d)." *Woods v. Donald*, --U.S.--, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) (per curiam). This standard is "intentionally difficult to meet." *Id.* (internal quotation marks and citations omitted). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2001)).

"[F]ederal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id*. "Federal habeas review thus exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. This is especially true for claims of ineffective assistance of counsel, where AEDPA review must be doubly deferential in order to afford both the state court and the defense attorney the benefit of the doubt." *Id*. (internal quotation marks and citations omitted).

### III. PETITIONER'S OBJECTIONS

Initially, petitioner takes exception to the magistrate judge's recitation of the background facts, suggesting that the following facts were omitted from the R&R: (1) that the store employees testified differently as to the number of times petitioner "swung" the box cutter at them; (2) that both employees testified that they only lost sight of petitioner "for a moment" in the mall parking lot; (3) that a box cutter was never located; and (4) that neither store employee testified that they saw petitioner dispose of a box cutter. (Obj. at 933-34.) This objection lacks merit.

The magistrate judge did consider both the fact that a box cutter was never found and that the store employees' testimony differed on the number of times petitioner brandished the box cutter in resolving petitioner's asserted grounds for relief. (R&R at 906-07, 923.) Further, while the R&R does not highlight the fact that neither employee testified that they saw petitioner dispose of a box cutter, neither the magistrate judge, nor the state appellate court, suggested or relied on a finding that such testimony was offered at trial. Finally, while it is true that the R&R does not mention that the store employees testified at trial that they only lost sight of petitioner briefly when he ducked behind a car in the fact portion of his R&R, he does recite it when sets

5

forth ground four of petitioner's application. (*See id.* at 912.) The magistrate judge was under no obligation to include every fact in detail in his recitation of the factual background, and petitioner has failed to demonstrate why the exclusion of this fact—when the R&R assumed that no box cutter was ever found—would have altered the analysis as to any ground for relief.[3]

Moreover, on habeas review, a federal court is required to presume that the state court's factual findings are correct. The R&R properly relied upon the facts, as determined by the state appellate court, and petitioner has failed to even suggest, let alone demonstrate by clear and convincing evidence, that the presumption of correctness is not warranted here. *See* 28 U.S.C. § 2254(e)(1); *Railey v. Webb*, 540 F.3d 393, 397 (6th Cir. 2008); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citation omitted). Petitioner's first objection is overruled.

Petitioner's second and third objections, relating to Grounds Two and One, respectively, do nothing more than repeat verbatim the arguments he raised in his traverse. Indeed, petitioner lifts entire paragraphs from his traverse, and merely substitutes the word "Magistrate" for "Respondent" wherever applicable. Under the standard of review cited above, such submissions do not constitute actual "objections" requiring de novo review. Similarly, petitioner's final two objections, relating to Grounds Three and Four, respectively, merely cite the applicable standard of review and register petitioner's general disagreement with the magistrate judge's conclusion that he did not satisfy the standard. Again, such objections do not warrant further review by this Court. The Court has carefully examined the R&R and finds no error in its conclusions.

---

[3] Petitioner also appears to complain that the R&R did not present the facts in the light most favorable to him. This is not the standard. Rather, on habeas review, the court must consider whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original).

**IV. CONCLUSION**

To the extent that Doc. No. 20 can be construed as raising "objections," they are overruled. The Court accepts the well-reasoned R&R, the petition for writ of habeas corpus is denied, and the case is dismissed. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.


Dated: July 5, 2016

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**